Bouldin, J.
delivered the opinion of the court:
The papers before us in this case are not so explicit as to facts and dates as they might have been ; but so far as they can be gathered therefrom, the facts are briefly as follows:
Bowman & Stroock, as partners, were plaintiffs in *197 the Circuit court of the city of Richmond, in a suit against The Georgia Home Insurance Company, and pending the suit, to wit: on the 29th day of May 1868, Stroock instituted proceedings in bankruptcy in the United States District court for the southern district of New York, against Bowman, describing the parties in the proceeding as co-partners, composing the firm of Bowman & Stroock; and on the 21st day of July. 1868, both partners were regularly adjudicated bankrupts.
The proceeding seems to have been duly conducted under the 36th section of the bankrupt law, prescribing the mode in which partners shall be declared bankrupts; and on the 10th day of March 1869, Claflin and Brummer were duly appointed assignees of the partners.
On the 30th day of May 1868, one day after the New York court took jurisdiction of the whole case, it seems that Bowman alone was adjudicated a bankrupt by the United States District court for the district of Virginia, and that Edward Y. Cannon was appointed his assignee; but when this appointment was made nowhere appears; nor does it appear whether Bowman’s was a case of voluntary or involuntary bankruptcy, or when the proceeding was initiated. The date of the proceeding, in one aspect of the cause, is an important fact, and should have been clearly established. In the absence of other proof, we assume as a fact (rendered probable by the circumstances), that Bowman became bankrupt on his own petition, and, as usual in such cases, that the date of the adjudication gives the date of the petition. If this be so, and there appears in the record nothing to the contrary, then the Virginia proceeding was one day later than the proceeding in New York, which thus acquired exclusive jurisdiction of the whole matter. It seems that Bowman & Stroock did business both in Richmond and New York, but it does not appear where they resided.
In this state of facts, the bankruptcy of both Bowman *198 and Stroock was suggested on the record, and Edward T. Cannon, as. assignee of Bowman alone, moved the court:
1st, That the suit should be prosecuted in the names-of Bowman & Stroock, for his benefit as assignee; or, 2nd, That he, as assignee of Bowman, should be entered on the record as party plaintiff, and allowed to prosecute the suit.
But the court overruled both motions; and then Cannon and Brummer, as assignees of both partners, united in a motion that they both be allowed to prosecute the suit together as plaintiffs, which motion was also overruled. And thereupon application was made to this court by Cannon and Brummer for a writ of mandamus to the judge of said Circuit court, requiring him to grant the prayer of some one of said motions. On that application a rule was awarded against the judge, to show, cause.why a mandamus should not issue, which has been-served on and answered by him; and the question is, whether, on the facts above stated, a mandamus should be issued. ' ' ■
Without considering the question whether this is a proper case for a mandamus—a question not necessary to be decided—the court is of opinion that the judge of the Circuit court did not err in overruling all of said motions, and of course, that the rule should be dis-chárged for the following reasons:
1st, The suggestion and admission on the record, that both partners were bankrupts, necessarily arrested further proceeding in the name of the bankrupts. They became; by their bankruptcy, civiliter rriortui, and could no longer sue, either for themselves or another. All their rights of property, legal and equitable, had passed, by assignment and by operation of law, to their proper assignees; in whose name alone could the suit be prosecuted. But if this were not the ease—if their names could in law still be used for the benefit of their assignees—Cannon; *199 as assignee of the separate estate of Bowman alone, was not the proper person to be put on the record as sole beneficiary.
2nd, Cannon, Tas assignee of the separate estate of Bowman—if such assignee he was—had no right to be placed on the record as sole plaintiff, entitled as such to collect the social assets. As assignee of Bowman, if regularly appointed, it would have been entirely proper, and the duty of the court, to allow him to become a party on the record as holding rights in common with the other partner, or his assignees, such being the regular and proper mode of collecting the outstanding social assets. Ayer v. Brastow, 5 Law Reporter, 498; and Story on Partnership, § 338, and the authorities and cases there cited. It does not appear, however, from the facts before us, that he was the proper assignee of Bowman, but the reverse. The New York District court had taken prior jurisdiction of the entire case, and of both partners, and in that court both partners were regularly adjudicated bankrupts, and assignees of both were duly appointed. By the terms of the 36th section of the bankrupt law, and the 16th general rule, the New York court having first taken cognizance of the matter, acquired complete and exclusive jurisdiction of the whole case ; the assignees appointed by that court were the regular and legal assignees of both partners, and it was not competent to the Virginia tribunal, by subsequent proceedings, to oust that jurisdiction and appoint other and different assignees.
3d, It follows necessarily, from the reason above set forth, that Cannon and Brummer had no right to be made co-plaintiffs in the cause. On the facts before the Circuit coui’t when the motions were made, Claflin and Brummer, as joint assignees of both partners, were the only proper persons to be made parties, and no others should have been allowed to prosecute the suit. The fact that there were assets in different districts and in *200 different States, does not, in any degree, affect the rights of the assignees. They represent the bankrupt and his estate in every State, and collect the assets wherever found. In the matter of Warren and Charles Leland, 5 N. B. R., 222.
Since the last proceeding in the Circuit court, and pending the proceeding here, an official document from the New York District court has been filed, showing the due acceptance by that court of Claflin’s resignation as one of the assignees, thus leaving Brummer sole assignee of both partners. Should that document be filed among the papers of the cause in the Circuit court, and no other change be made in the facts as above set forth, this court is of opinion that Brummer alone, as assignee of the partners, is the proper party to prosecute the suit, and should be admitted as such.
The rule must be discharged.
The motion for a peremptory mandamus overruled.
On the last day of the term, Lyons stated that he then had evidence, which he produced, showing that the proceedings in bankruptcy by Bowman, in Virginia, were commenced on the same day with those by Stroock, in New York, and, in that aspect of the case, asked the court to say who would be the proper assignees to collect the social assets of Bowman & Stroock." Moncure P. called on Bouldin J. to reply to the question ; who said, that in his opinion the facts suggested, had they been before the court, would not have varied the result of the case, or changed the opinion announced, that Brummer alone was the proper assignee. That the Virginia proceeding was not a proceeding against the partners ; but an ex parte application by Bowman alone, seeking as an individual to be declared a bankrupt, whilst the New York proceeding was a regular proceeding inter partes, under the 36th section of the bankrupt law, seeking to *201 have the partners composing the firm of Bowman & Stroock declared bankrupts. That in the former proceeding, Cannon was appointed assignee of the separate estate of Bowman individually; whilst in the latter, Brummer and another, (who had regularly resigned his ■office,) were duly appointed assignees of the partners, composing the firm of Bowman & Stroock; and that under such a state of facts, in his opinion Brummer alone would be the proper assignee of the firm.
This opinion seemed to be acquiesced in by Moncure, P. and Christian, J. Judge Anderson had left the court, and Judge Staples did not sit in the case.